1  Allen Yueh Wen Tsai (CA Bar Number: 314596)

2  Daisy Yun Zhao (CA Bar Number:297596)

   allen.tsai@dtlaws.com

3  DT Law Corporation,

4  7700 Irvine Center Drive Suite 800

   Irvine, CA 92618

5  (949)466-5237

6

7  Attorneys for Plaintiffs

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  SOUTHERN DIVISION

12

| | |
|---|---|
| 13  SHEDOOR GLOBAL SURROGACY LLC, DUO XU | ) Agency Case No: WAC2306050364 |
| | ) Case No: 8:23-cv-00293 |
| 14        Plaintiffs, | ) |
| 15    vs. | ) |
| | ) COMPLAINT FOR DECLARATORY |
| 16  Kristine R Crandall, Acting Director of the | RELIEF AND REVIEW OF AGENCY |
|     USCIS California Service Center in her | ) ACTION UNDER THE |
|     Official Capacity; Ur M. Jaddou Director | ADMINISTRATIVE PROCEDURE ACT |
| 17  of USCIS, in her Official Capacity; | ) |
| 18 | ) |
| | ) |
| 19        Defendants, | ) |
| | ) |
| 20 | ) |
| 21 | |

1

## **Introduction**

1. Plaintiff Shedoor Global Surrogacy LLC ("Plaintiff Shedoor") is a multinational company headquartered in Irvine, California. Plaintiff Shedoor, along with Ms. Duo Xu ("Plaintiff Xu"), challenges the Defendants' arbitrary and unlawful decision to deny an "L1A" non-immigrant petition, with a concurrent request for consular notification (hereafter "L1A petition"), that it filed on behalf of Plaintiff Xu so that it could employ her as a General Manager under 8 U.S.C. §§ 1101(a)(15)(L).

2. Under the plain language of Section 101 (a) (15) (L) of the Immigration & Nationality Act ("INA"), 8 U.S.C. §§ 1101(a)(15)(L), it provides, in part, for the classification of qualification non-immigrant aliens who are coming temporarily to the United States to perform services as an intracompany transferee executive or manager.

3. Kristine R. Crandall ("Defendant Crandall"), Ur Mendoza Jaddou ("Defendant Jaddou") (hereinafter collectively "Defendants") denied Plaintiff Shedoor's L1A Petition after misconstruing the L1A New Office Provision and erroneously adjudicating the Plaintiff Shedoor's L1A Petition under the L1A New Office Provision, instead of the L1A General requirements under the Section 101 (a) (15) (L) of the Immigration & Nationality Act ("INA").

4. Plaintiff Shedoor, needing a General Manager, sought to obtain an L1A Petition for Plaintiff Xu, who had the necessary work experience abroad as a General Manager for Shanghai Shedoor Medical Consulting Co. Ltd. ("Shanghai Shedoor"), the Parent Company of Plaintiff Shedoor. Plaintiff Xu would like to be transferred as a General Manager from Shanghai Shedoor, the Parent Company to Plaintiff Shedoor. Therefore, Plaintiff Shedoor on behalf of Plaintiff Xu, filed an L1A Petition. Defendant's denial of the L1A Petition has harmed Plaintiff Shedoor because Plaintiff Xu is hired to fill a critical executive position within the company. Plaintiff Xu has been harmed as she is unable to legally work for Plaintiff Shedoor in the United States for unlawful reasons.

5. In support of its L1A petition, Plaintiff Shedoor submitted documents relating to the qualifying relationship between Plaintiff Shedoor and Shanghai Shedoor, the Parent Company, a detailed job description, including specific duties and time allocation percentages and corroborating evidence in support of the job description, and supporting evidence relating to both Plaintiff Shedoor and Shanghai Shedoor, the Parent Company's operation of the business.

6. Defendants' contrary interpretation and corresponding denial of Plaintiff's L1A Petition conflicts with the statute's plain language and regulations and violates the prohibition against agency actions that are arbitrary and capricious and contrary to law under the Administrative Procedure Act.

7. As such, the Court should vacate the denial and order Defendants to approve Plaintiff's immigrant visa petition under the Section 101 (a) (15) (L) of the Immigration & Nationality Act ("INA"), 8 U.S.C. §§ 1101(a)(15)(L) and 8 C.F.R. § 214.2(l).

## PARTIES

8. Plaintiff Shedoor is currently based in Irvine, California. Plaintiff Shedoor was formed in March, 2018 and had been doing business since then. Prior to December 13, 2021, Plaintiff Shedoor was 100% owned by T&A Traveling Consultants Inc. On December 13, 2021, T&A Traveling Consultants Inc sold 51% of its interest in Plaintiff Shedoor to Shanghai Shedoor. As a result, Plaintiff Shedoor has become the US subsidiary of Shanghai Shedoor. Unlike other surrogacy agencies, Plaintiff Shedoor offers a boutique-style agency experience, allowing it to exceed the expectations of both intended parents and surrogate mothers.

9. Plaintiff Xu is a Chinese national who, within three years preceding the time of her application for admission into the United States, has been employed abroad continuously for one year as a General Manager by the Shanghai Shedoor, the Parent Company.

10. Defendant Jaddou is the Director of USCIS, a component within USDHS, and is responsible for the overall administration of USCIS and the implementation of the immigration laws that pertain to non-immigrant visa petitions, including adjudicating L1A petitions filed by employers on behalf of the intended employee in L1A Intransferee position. She is sued in her official capacity.

11. Defendant Crandall is the Acting Director of California Service Center, the division of USCIS responsible for the adjudication of the L1A petition at issue in this action.

## JURISDICTION AND VENUE

12. This case arises under the INA, 8 U.S.C. § 1101 et seq., and the Administrative Procedure Act (APA), 5 U.S.C. § 701 et seq. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). This Court has the authority to grant relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the APA. The United States has waived its sovereign immunity under 5 U.S.C. § 702.

13. Venue lies in the United States District Court for the Central District of California, Southern Division, the judicial district in which a Defendant resides. 28 USC §1391 (e).

## EXHAUSTION OF REMEDIES

14. Defendants' February 1, 2023 denial of Plaintiff Shedoor's L1A Petition constitutes final agency action under the APA. *See* 5 U.S.C. §§ 551(13); 701(b)(2); 704. Neither the INA nor implementing regulations at 8 C.F.R. § 103.3(a) require an administrative appeal of the denial. Accordingly, Plaintiff has no administrative remedies to exhaust.

## LEGAL BACKGROUND

*L1A Petition Process*

15. Section 101(a)(15)(L) of the Act describes the L-1 nonimmigrant classification, in pertinent part, as follows: an alien who, within three years preceding the time of his application for admission into the United States, has been employed continuously for one year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and who seeks to enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge. . . " 8 U.S.C. § § 1101(a)(15)(L).

16. Only a United States employer may petition for the L1A classification; the "non-citizen" may not petition on his or her own behalf. 8 U.S.C. § § 1101(a)(15)(L), 1153(b)(1).

*L1A  General Requirements*

17. For an L1A classification, USCIS determines whether the petitioners have established three criteria: (1) an alien who, within three years preceding the time of his or her application for admission into the United States, has been employed abroad continuously for one year by a firm or corporation or other legal entity or parent, branch, affiliate, or subsidiary thereof; (2) and who seeks to enter the United States temporarily in order to render his or her services to a branch of the same employer or a parent, affiliate, or subsidiary thereof (3) in a capacity that is managerial, executive, or involves specialized knowledge. 8 U.S.C. § 1101(a)(15)(L). The maximum amount of time that one can stay in the United States on an L1A status is seven years. 8 C.F.R. § 214.2(l)(15)(ii).

*L1A General Requirements Definitions*

18. The agency regulation provides the definitions of the general requirements for the L1A Petition, and the relevant definitions for this action, including executive capacity, qualifying organization, qualifying relationships, and doing business, are as follows:

(A) Intracompany transferee means an alien who, within three years preceding the time of his or her application for admission into the United States, has been employed abroad continuously for one year by a firm or corporation, or other legal entity or parent, branch, affiliate, or subsidiary thereof, and who seeks to enter the United States temporarily in order to render his or her services to a branch of the same employer or a parent, affiliate, or subsidiary thereof in a capacity that is managerial, executive, or involves specialized knowledge.

(C) "Executive capacity" means an assignment within an organization in which the employee primarily:

(1) Directs the management of the organization or a major component or function of the organization;

(2) Establishes the goals and policies of the organization, component, or function;

(3) Exercises wide latitude in discretionary decision-making; and

(4) Receives only general supervision or direction from higher-level executives, the board of directors, or stockholders of the organization.

(G) "Qualifying organization" means a United States or foreign firm, corporation, or other legal entity which:

(1) Meets precisely one of the qualifying relationships specified in the definitions of a parent, branch, affiliate, or subsidiary specified in paragraph (l)(1)(ii) of this section;

(2) Is or will be doing business (engaging in international trade is not required) as an employer in the United States and at least one other country directly or through a parent, branch, affiliate, or subsidiary for the duration of the alien's stay in the United States as an intracompany transferee; and

(3) Otherwise meets the requirements of section 101(a)(15)(L) of the Act.

(H) "Doing business" means the regular, systematic, and continuous provision of goods and/or services by a qualifying organization and does not include the mere presence of an agent or office of the qualifying organization in the United States and abroad.

(I) "Parent" means a firm, corporation, or other legal entity which has subsidiaries.

6

(J) "Branch" means an operating division or office of the same organization housed in a different location.

(K) "Subsidiary" means a firm, corporation, or other legal entity of which a parent owns, directly or indirectly, more than half of the entity and controls the entity; or owns, directly or indirectly, half of the entity and controls the entity; or owns, directly or indirectly, 50 percent of a 50-50 joint venture and has equal control and veto power over the entity; or owns, directly or indirectly, less than half of the entity, but in fact controls the entity.

8 C.F.R. § 214.2(l)(1)(ii)A;8 C.F.R. § 214.2(l)(1)(ii) C; 8 C.F.R. § 214.2(l)(1)(ii)G-K.

***L1A New Office Provision: Exception to the L1A General Requirement And Such Request for the Exception Must Be Clearly Indicated in the L1A Petition By the Petitioners.***

19. The agency regulation has also separately created a L1A New Office Provision. This provision is an exception to the L1A General Requirements if the petition indicates that the beneficiary is coming to the United States as a manager or executive to open or to be employed in a new office in the United States. In that case, the petitioner shall submit evidence that:

(A) Sufficient physical premises to house the new office have been secured;

(B) The beneficiary has been employed for one continuous year in the three-year period preceding the filing of the petition in an executive or managerial capacity and that the proposed employment involved executive or managerial authority over the new operation; and

(C) The intended United States operation, within one year of the approval of the petition, will support an executive or managerial position as defined in paragraphs (l)(1)(ii) (B) or (C) of this section, supported by information regarding:

(1) The proposed nature of the office describing the scope of the entity, its organizational structure, and its financial goals;

(2) The size of the United States investment and the financial ability of the foreign entity to remunerate the beneficiary and to commence doing business in the United States; and

(3) The organizational structure of the foreign entity.

8 C.F.R. § 214.2(l)(3)(v)(A);8 C.F.R. § 214.2(l)(3)(v)(B); 8 C.F.R. § 214.2(l)(3)(v)(C)

20. New Office is defined as an organization that has been doing business in the United States through a parent, branch, affiliate, or subsidiary for less than one year. 8 C.F.R. § 214.2(l)(1)(ii)F.

## FACTUAL ALLEGATIONS

### *Plaintiff Shedoor*

21. Plaintiff Shedoor is currently based in Irvine, California. Plaintiff Shedoor was formed in March 2018 and had been doing business since then. Prior to December 13, 2021, Plaintiff Shedoor was 100% owned by T&A Traveling Consultants Inc. On December 13, 2021, T&A Traveling Consultants Inc sold 51% of its interest in Plaintiff Shedoor to Shanghai Shedoor, making Plaintiff Shedoor the US subsidiary of Shanghai Shedoor, the Parent Company. Unlike other surrogacy agencies, Plaintiff Shedoor offers a boutique-style agency experience, allowing it to exceed the expectations of both intended parents and surrogate mothers.

### 7. *Plaintiff Xu's Employment Under Plaintiff Shedoor*

22. Plaintiff Xu is a Chinese national who, within three years preceding the time of her application for admission into the United States, has been employed abroad continuously for one year as a General Manager by the Shanghai Shedoor, the Parent Company.

### *Plaintiff Shedoor's L1A Petition*

23. On December 08, 2022, Plaintiff Shedoor properly filed an I-129 petition which USCIS in order to obtain L1A non-immigrant worker status for Plaintiff Xu so that

1  she could work for Plaintiff Shedoor as a General Manager. The Petition also

2  concurrently requested a consular notification of Plaintiff Shedoor's L1A Petition.

3     24. In support of its L1A Petition, Plaintiff Shedoor included, among other

evidence, a letter of support that described the proffered position. The proffered position

4  being: General Manager, job duties in detail, substantial documentation relating to the

5  qualifying relationship between Platinff Shedoor and its Shanghai Shedoor, the Parent

Company, substantial documentation relating to the fact that Plaintiff Shedoor and its

6  Shanghai Shedoor, the Parent Company, have been doing business and documentation

7  relating to Plaintiff Xu's work experience abroad with Shanghai Shedoor, the Parent

8  Company. Plaintiff Shedoor also requested in its L1A Petition that it would like its L1A

9  Petition to be adjudicated under the L1A General Requirements.

*Defendants' Request for Evidence ("RFE") Relating to Plaintiff Shedoor's L1A*

10  *Petition*

11     25. On December 16, 2022, Defendants issued an RFE. Defendants claimed that

12  Plaintiff Shedoor is a new office because i) Plaintiff Shedoor's qualifying relationship

13  with Shanghai Shedoor, the Parent Company, was less than one year and ii) the amount

of time that Plaintiff Shedoor spent doing business through such a qualifying relationship

14  was less than one year. As a result of its determination, Defendants adjudicated Plaintiff

15  Shedoor's L1A Petition under the L1A New Office Provision. They proceeded to request

16  a list of documents and evidence from Plaintiff Shedoor to show whether it could support

Plaintiff Xu as a General Manager within one year of L1A approval and whether Plaintiff

17  Shedoor has sufficient physical space to house the new office. These two requirements

18  are not part of the General L1A Requirements; rather, they are merely requirements

19  pertaining to L1A New Office Provision. Defendants also requested additional

documentation explaining Plaintiff Xu's work experiences abroad with Shanghai Shedoor,

20  the Parent Company, and requested more details regarding her proposed job duties for the

21  proffered position as a General Manager of Plaintiff Shedoor.

*Plaintiff Shedoor's Timely Response to Defendants' RFE*

26. On January 20, 2023, Plaintiff Shedoor's timely responded to the RFE. In its RFE response, among other evidence, Plaintiff Shedoor has repeatedly conveyed to the Defendants that it is not a new office and Plaintiff Shedoor's L1A Petition should have been adjudicated under the L1A General Requirement by providing: i) a detailed explanation as to why Plaintiff Shedoor is not a new office as a matter of an agency regulation and Defendants' policy memorandum; ii) a detailed explanation as to why Plaintiff Shedoor was not obligated to provide evidence with respect to sufficient physical space and whether Plaintiff Shedoor could support Plaintiff Xu as a General Manager within one year of L1A approval because Plaintiff Shedoor was not a new office and Plaintiff Shedoor's L1A Petition should have been adjudicated under the L1A General Requirements. Since both prongs: sufficient physical space, and whether Plaintiff Shedoor could support Plaintiff Xu as a General Manager within one year of L1A approval are part of the L1A New Office Provision, they do not apply to Plaintiff Shedoor's L1A Petition.

27. In its RFE Response, Plaintiff Shedoor specifically stated that it had not filed its L1A Petition under L1A New Office Provision. Thus, Plaintiff Shedoor explicitly declined to produce evidence relating to sufficient physical space and whether Plaintiff Shedoor could support Plaintiff Xu as a General Manager within one year of L1A approval, which agency regulation only requires for a L1A New Office classification.

28. Plaintiff Shedoor, however, submitted additional evidence to address other issues in Defendants' RFE, such as Plaintiff Xu's work experiences abroad with Shanghai Shedoor and proposed job duties for Plaintiff Xu's proffered position, which agency regulation required for an L1A General classification. Plaintiff Shedoor provided: i) 26 pages of the proposed General Manager Handbook outlining the details of her proposed job duties, various examples of methods, knowledge, and skills that would be used for Plaintiff Xu's proffered position as a General Manager of Plaintiff Shedoor and

detailed job summary for each subordinate positions of each department that Plaintiff Xu will be overseeing once she has become the General Manager of Plaintiff Shedoor ii) various corroborating documents supporting Plaintiff Xu's work experience abroad as Shanghai Shedoor, the Parent Company's General Manager continuously for one year.

29. Through its extensive and detailed evidence, Plaintiff Shedoor demonstrated that it met the three criteria of the L1A classification set out by the INA statute and fulfilled the regulatory standard of L1A General Requirements.

### *Defendants' Denial of Plaintiff Shedoor's L1A Petition*

30. On February 1, 2023, Defendants denied Plaintiff Shedoor's L1A Petition solely on the ground that the evidence in the record was insufficient to establish sufficient physical space. See Exh. An at 1-4. The decision makes fundamental factual errors by ignoring ample record evidence and is based upon clear errors of law.

31. Defendants improperly concluded that Plaintiff Shedoor is a new office, and they erroneously adjudicated Plaintiff Shedoor's L1A Petition under the L1A New Office Provision instead of the L1A General Requirements.

32. Hence, Defendants acted arbitrarily and capriciously in denying Plaintiff Shedoor's L1A Petition solely on the ground that the evidence in the record was insufficient to establish sufficient physical space, which agency regulations only require for a L1A New Office classification.

### *Defendants' Misconstrue of the L1A New Office Provision*

33. Defendants erred in finding Plaintiff Shedoor was a new office and adjudicating Plaintiff Shedoor's L1A Petition under the L1A New Office Provision. 8 C.F.R. § 214.2(l)(1)(ii)F; 8 C.F.R. § 214.2(l)(3)(v)(A)(B)(C). Defendants separately created an L1A New Office Provision as an exception to the L1A General Requirements.

Defendants created this exception with the intent to bring L1A intracompany transferee from the foreign entity to work for the petitioners that have only been doing business in the US for less than one year at the time of filing the petition in exchange for just a one-year validity period for L1A status. 8 C.F.R. § 214.2(l)(7)(i)(A) (3). Defendants' agreed in their policy manual that the L1A New Office provision is "an exception that exists for petitioners filing for an L-1 beneficiary coming to be employed by a U.S. organization that has been doing business for less than one year. "U.S. Citizenship & Immigr. Servs., Policy Manual, vol 2, part L, ch. 6 (2023), https://www.uscis.gov/policy-manual/volume-2-part-l-chapter-6;

34. For the L1A New Office Provision to apply, petitioners would only have to show that they have been doing business in the US for less than one year. In this action, Plaintiff Shedoor has been doing business in the US since March 2018, and thus it has been doing business in the US for more than one year.

35. Defendants improperly interpreted the L1A New Office Provision meant that if the US company's qualifying relationship with its foreign entity is less than one year, the US company is also considered a new office. From this misinterpretation, Defendants incorrectly concluded that Plaintiff Shedoor is considered a new office because Plaintiff Shedoor, a US subsidiary, and Shanghai Shedoor, the Parent Company's qualifying relationship, was less than one year. Exh. A at 1.

36. The defendants' misinterpretation of the L1A New Office Provision also directly conflicts with the three criteria of the L1A classification set out by the INA statute, and the agency regulation's clear pronouncement of L1A General Requirement stated in paragraphs 15-18 above. First, the INA statute of L1A classification does not impose a one-year requirement for the purpose of establishing a qualifying relationship between the US Company and the foreign entity. 8 U.S.C. § 1101(a)(15)(L). Second, the agency regulatory standard of L1A General requirement only requires a qualifying relationship between the US Company and foreign entity to have existed at the time of

1   filing and to be maintained for the duration of the alien stay in the US as an intracompany

2   transferee. 8 C.F.R. § 214.2(l)(1)(ii)G; 8 C.F.R. § 214.2(l)(1)(ii)G (2).

3

4   *Defendants Erroneously Adjudicated Plaintiff Shedoor's L1A Petition under L1A New
    Office Provision, Instead of Under the L1A General Requirements*

5   37. Since L1A New Office Provision is an exception to the L1A General

6   Requirements, Defendants specifically required petitioners to file for the L1 beneficiary

7   to indicate that their petitions are to be adjudicated under the L1A New Office Provision.

8   Defendants have mentioned in their policy manual that in order for L1A New Office

    Provision to apply, "the petition must clearly indicate that the petitioner is requesting

9   adjudication under the new office provisions and explain how the new office meets the

10  applicable requirements discussed below." U.S. Citizenship & Immigr. Servs., Policy

11  Manual, vol 2, part L, ch. 8 (2023), https://www.uscis.gov/policy-manual/volume-2-part-
    l-chapter-8.

12
    38.  Plaintiff Shedoor never requested its L1A Petition to be adjudicated under the

13  L1A New Office Provision. Plaintiff Shedoor also provided a detailed explanation and

14  substantial evidence as to why it is not a new office and specifically asked its L1A

    Petition to be adjudicated under the L1A General Requirements.

15
    39. Despite receiving Plaintiff Shedoor's request and explanation, Defendants

16  acted arbitrarily and capriciously in concluding that Plaintiff Shedoor is a new office, and

17  they adjudicated Plaintiff Shedoor's L1A Petition under L1A New Office Provision.

18  40.  As a result of these errors, Defendants wrongfully denied Plaintiff Shedoor's

19  L1A Petition solely on the ground that the evidence in the record was insufficient to

20  establish sufficient physical space, which agency regulations only require for an L1A

    New Office classification.

21

41. Under 5 U.S.C. §§ 702 and 704, Plaintiff Shedoor has suffered a "legal wrong" and has been "adversely affected or aggrieved" by agency action for which there is no other adequate remedy of law.

42. As a result, Plaintiff Shedoor has been deprived of the ability to hire Plaintiff Xu as a General Manager to help direct its management.

## COUNT ONE

**Violation of the Administrative Procedure Act, 5 U.S.C. § 701, et seq.,**

**the Immigration and Nationality Act and its Implementing Regulations**

43. Plaintiffs re-alleges and incorporate by reference, as if fully set forth herein, the allegations in paragraphs 1-42 above.

44. Plaintiff is entitled to review by this Court pursuant to 5 U.S.C. §§ 701-706.

45. A reviewing court shall "hold unlawful and set aside agency action . . . found to be—arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A).

46. Defendants arbitrarily concluded that Plaintiff Shedoor is a new office and erroneously adjudicated Plaintiff Shedoor's L1A Petition under the L1A New Office Provision instead of the L1A General Requirements.

47. As a result, Defendants unlawfully denied Plaintiff Shedoor's L1A Petition merely on the sufficient physical space requirement, which agency regulations only require for an L1A New Office classification.

48. Plaintiff Shedoor submitted substantial and sufficient evidence demonstrating that the L1A Petition  satisfied the statutory definition of a L1A classification and fulfilled the regulatory standard of the L1A General Requirements. 8 U.S.C. § 1101(a)(15)(L); 8 C.F.R. § 214.2(l)(1)(ii)A;8 C.F.R. § 214.2(l)(1)(ii) C; 8 C.F.R. § 214.2(l)(1)(ii)G-K.

49. Defendants failed to reach accurate legal and factual conclusions as to the Plaintiffs' L1A Petition, and its legal and factual conclusions are unsupported by any evidence in the record; misconstrued the applicable regulations and policy memorandum; impermissibly imposed evidentiary requirements beyond those required by the applicable statute and agency regulation.

50. Defendants' errors, singly and in combination, were arbitrary, capricious, and violated the law. Consequently, Defendants acted arbitrarily, capriciously, and contrary to the law in violation of the APA, the INA, and the immigration regulations by denying Plaintiff Shedoor's L1A Petition.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court:

1. Declare that Defendants' determination of Plaintiff Shedoor being a new office is a misinterpretation of the L1A New Office Provision was arbitrary and capricious and not in accordance with the law in violation of the APA, 5 U.S.C. § 706(2)(A), the INA and the regulations;

2. Declare that Defendants improperly adjudicated the Plaintiffs' L1A Petition under the L1A New Office Provision instead of the L1A General Requirement was arbitrary and capricious and not in accordance with the law in violation of the APA, 5 U.S.C. § 706(2)(A), the INA and the regulations;

2. Vacate the denial of Plaintiff Shedoor's L1A petition and remand this matter to Defendants with instructions that, within ten days of the date of the Court's Order,

they approve the Form I-129, Petition for Nonimmigrant Worker for L1A classification filed by Plaintiffs, valid until and including January 09, 2026;

3. Award reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), 5 U.S.C. § 504, or any other applicable law; and

4. Grant such other relief as the Court deems just, equitable, and proper.

///

Respectfully Submitted,

Dated this 21th  of February, 2023.

                                        /s/ Allen Yueh Wen Tsai
                                        Allen Yueh Wen Tsai
                                        Daisy Yun Zhao
                                        Attorneys for Plaintiffs